**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| LEHONOR BOCANGEL, *et al.*, | * |
| Plaintiffs, | * |
| v. | * Civ. Action No. 8:16-cv-03989-PX |
| WARM HEART FAMILY ASSISTANCE LIVING, INC., *et al.*, | * |
| Defendants. | * |

\*\*\*

**MEMORANDUM OPINION**

Pending before the Court is Plaintiffs' Motion for Attorney's Fees and Costs. ECF No. 116. The Court finds no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court GRANTS Plaintiffs' motion. ECF No. 116.

**I.   Background**

On December 14, 2016, Plaintiffs Lehonor Bocangel, Flory Bocangel, and Dan Espinal, former employees at a nursing home operated by Warm Heart Family Assistance Living, Inc. ("Warm Heart"), brought this action against Warm Heart and its owner, Constance E. Robinson ("Robinson"). ECF No. 1. According to the original Complaint, Defendants failed to pay Plaintiffs' minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl., §§ 3-401 *et seq.*; the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab & Empl., §§ 3-501 *et seq.*; and Montgomery County law. *Id.*

On August 9, 2017, Plaintiffs amended the Complaint, adding one count of retaliation based on Defendants' having filed counterclaims in this suit. *See* ECF No. 28. Two months

later, Defendants filed for bankruptcy, triggering an automatic stay of this matter.  ECF No. 70; *see* Chapter 11 Voluntary Petition, *In re Warm Heart*, No. TJC-18-14990 (Bankr. D. Md. Apr. 13, 2018), ECF No. 1; Chapter 7 Voluntary Petition, *In re Robinson*, No. WIL-18-14991 (Bankr. D. Md. Apr. 13, 2018), ECF No. 1.

During the stay period, Plaintiffs, through counsel, participated in the bankruptcy proceedings to preserve their wage and hour claims.  But in short order, the bankruptcy court dismissed the petitions for Warm Heart and Robinson.  *See In re Warm Heart*, No. TJC-18-14990, ECF No. 73; *see also In re Robinson*, No. WIL-18-14991, ECF No. 75.  The court granted dismissal as to Robinson after she had refused to provide tax documents and engaged in "unreasonable delay," *In re Robinson*, No. WIL-18-14991, ECF No. 65 at 1; *see also id.*, ECF No. 75, and as to Warm Heart because the corporation had engaged in "gross mismanagement" of its nursing facilities.  *In re Warm Heart*, No. TJC-18-14990, ECF No. 62-1 at 1; *see also id.*, ECF No. 73.

Once the bankruptcy petitions were dismissed, counsel for Warm Heart sought $46,353.29 in attorney's fees and costs.  *See id.*, ECF No. 82 at 39.  Plaintiffs lodged a short, written objection to the motion.  *See id.*, ECF No. 84.  Ultimately, the bankruptcy court granted the fee motion in its entirety.  *See id.*, ECF No. 91.

With the bankruptcy matter at an end, the stay in this case lifted.  *See* ECF No. 72.  Counsel for Defendants moved to withdraw from representation, which this Court granted.  *See* ECF Nos. 74 & 76.  Warm Heart never hired replacement counsel, and Robinson thereafter failed to participate in the litigation.

The Court next granted Plaintiffs' motion for partial summary judgment against Warm Heart and Robinson, concluding as a matter of law that Plaintiffs were "employees," not

2

independent contractors, and thus entitled to minimum and overtime wages under the FLSA and companion state law. ECF Nos. 96 & 97. It also granted Plaintiffs' motion for default judgment on the wage and hour claims, finding Defendants jointly and severally liable for $272,656.50 in damages as to Lehonor Bocangel; $299,819.00 as to Flory Bocangel; and $113,251.00 as to Dan Espinal, for a total award of $685,726.50. ECF Nos. 112 & 113. Plaintiffs did not seek default judgment on the retaliation claim. *See* ECF No. 108.

After almost four years and 821.4 attorney hours spent litigating this case, Plaintiffs now seek attorney's fees and costs for a total of $267,704.64. ECF No. 116-9 at 3; ECF No. 116 at 24–25. For work performed in this case, Plaintiffs request $249,472.50 in fees and $2,598.41 in costs; and in for work performed in the bankruptcy cases, Plaintiffs request reimbursement of $15,457.50 and $176.23 in fees and costs respectively. ECF No. 116 at 24–25; ECF No. 116-8 at 1; ECF No. 116-15 at 1. For the following reasons, the Court grants the motion but reduces the total award to $224,879.55.

**II.    Discussion**

In an FLSA action, a plaintiff is entitled to receive reasonable attorney's fees and costs for successful suit. *See Clancy v. Skyline Grill, LLC*, No. ELH–12–1598, 2012 WL 5409733, at *9 (D. Md. Nov. 5, 2012); *see also* 29 U.S.C. § 216(b); Md. Code Ann., Lab. & Empl. §§ 3–507.2(b) & 3–427(d) (authorizing attorney's fees and costs under companion state statutes). This Court is to assess the reasonableness of the requested fee as it would for any other federal fee-shifting statute. *See Haworth v. State of Nev.*, 56 F.3d 1048, 1051 (9th Cir. 1995) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

A reasonable fee is calculated using the lodestar method of multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See Hensley v.*

3

*Eckerhart*, 461 U.S. 424, 433–34 (1983); *see also Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009).  This Court's Local Rules provide presumptively reasonable hourly rates keyed to an attorney's years of experience.  *See* Loc. R., App. B.  As to the reasonableness of the hours expended, twelve factors inform this Court's determination: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fee awards in similar cases.  *Robinson*, 560 F.3d at 243–44.  Courts may use these factors to "adjust the lodestar amount." *McAfee v. Boczar*, 738 F.3d 81, 89 (4th Cir. 2013); *see also Two Men & A Truck/Int'l, Inc. v. A Mover Inc.*, 128 F. Supp. 3d 919, 924 (E.D. Va. 2015) (quotation omitted).

With this standard in mind, the Court first turns to the fee request for work performed in this case and next with respect to the bankruptcy matters.

### A. District Court Litigation

#### 1. Attorney's Fees

Plaintiffs seek $249,472.50 in attorney's fees for their work in this litigation.  ECF No. 116 at 24; ECF No. 116-8.  The hourly rates for each attorney and paralegal are within the presumptively reasonable range.  *Compare* Loc. R., App. B(3) *with* ECF Nos. 116-3 & 116-9 (Attorney Shinnar, with five years of experience at beginning of case and an hourly rate of $300,

which increased to $350 as of June 2020); and ECF No. 116-4 (Attorney Katz with over twenty years' experience and an hourly rate of $475); and ECF Nos. 116-5 & 116-12 (Attorney Bonk with two years of experience as of 2016 and an hourly rate of $225 and then $300 as of August 2019); and ECF No. 116-6 (Attorney Gilbert with over forty years' experience and an hourly rate of $475); and ECF Nos. 116-9, 116-11, 116-15 & 116-18 (hourly rate of $150 for paralegals and $225 for other associates). Thus, the Court adopts the requested rates unchanged.

Regarding the reasonableness of the effort expended, the Court begins with the record evidence submitted. It is incumbent upon counsel to keep sufficiently accurate and detailed billing records to support the reasonableness of any eventual fee request. "[I]nadequate documentation," in timekeeping records, whether it be vague task entries, block billing, or double billing, "impedes a court's reasonableness review." *Two Men*, 128 F. Supp. 3d at 925–26 (citation omitted); *see also Thompson v. U.S. Dep't of Hous. & Urb. Dev.*, No. MGJ-95-309, 2002 WL 31777631, at *13 (D. Md. Nov. 21, 2002). Where timekeeping records "obfuscate the reasonableness of the attorney hours expended," *Skapinetz v. CoestrVMS.Com, Inc.*, No. PX-17-1098, 2021 WL 1634712, at *8 (D. Md. Apr. 27, 2021) (quotation omitted), the Court "may reduce the award accordingly," *Hensley*, 461 U.S. at 433. The Court must also adjust for an "excessive number of hours sought," *Skapinetz*, 2021 WL 1634712, at *8 (citation omitted), and ensure that the final award is commensurate with the "degree of success enjoyed by the plaintiff," *McAfee*, 738 F.3d at 88 (quotation omitted); *see also id.* at 91 (explaining courts must "subtract fees for hours spent on unsuccessful claims [that are] unrelated to successful ones" (quotation omitted)); *Skapinetz*, 2021 WL 1634712, at *8 (Defendants should not have to "foot the bill for inadvisable or imprudent litigation decisions pursued by plaintiffs' counsel.").

To their credit, Plaintiffs' counsel already have exercised "up front billing judgment" by

deducting $38,550 in incurred fees from their petition.  *See* ECF No. 116 at 6; ECF No. 116-9 at 3.  Moreover, it is apparent from the timekeeping records that Plaintiffs' counsel were generally careful to assign work to paralegal and junior associates where appropriate, and removed certain charges that, if left, would have resulted in double billing.  *See* ECF Nos. 116-11, 116-12 & 116-18.  However, after reviewing these records, the Court believes certain downward adjustments are warranted.

To start, the Court has identified certain double-billed entries which will be reduced.  *See, e.g.*, ECF No. 116-11 at 8 (co-counsel conference about drafting decisions); *id.* at 36 (billing for attendance of two attorneys at meeting).  "Generally only one lawyer is to be compensated for client, third party, and intra-office conferences, although . . . the time may be charged at the rate of the more senior lawyer."  Loc. R., App. B(2)(d).  Based on this guidance, the Court will strike any double entries but leave whichever entry was billed at the higher rate.

Likewise, certain billing records appear duplicative of tasks or are disproportionate to the needs of the matter.  *See, e.g.*, ECF No. 116-11 at 5 (redundant review of court order); *id.* at 25–26 (13 hours reviewing "discovery deficiencies").  The Court has also identified several entries that are either vague or block billed.  Vague descriptions such as "review client documents," "review file," and "research re procedure and strategy for [sic]" do not assist the Court in assessing the reasonableness of the fees and so will be stricken.  *Id.* at 7, 39.  Other entries combine multiple tasks without any further elucidation of what time was spent on each.  *See, e.g.*, *id.* at 8 ("Initial review of financial documents; emails X 5 to/from opposing counsel re documents and mediation.  Additional research of real [sic]"); *id.* at 18, 24; ECF No. 116-12 at 2–3.  Accordingly, the Court discounts the fee award by $8,102.50 to account for these entries.

The Court also cannot award the fee request related to pursuing the retaliation claim.  *See*

6

ECF No. 28.  Counsel expended 79.3 hours discussing and drafting the Amended Complaint, then litigating its sufficiency in the preliminary stages of the case.  *See* ECF No. 116-11 at 8–13.  But Plaintiffs never sought default judgment as to their retaliation claim.[1]  *See* ECF No. 108.  Accordingly, it would be unreasonable to award the requested fees when Plaintiffs were not the prevailing party on the claim.  *See* 29 U.S.C. § 216(b); Md. Code Ann., Lab. & Empl. §§ 3–507.2(b) & 3–427(d)(1); *see also McAfee*, 738 F.3d at 91 (instructing courts to "subtract fees for hours spent on unsuccessful claims" (quoting *Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008))).  The Court therefore deducts from the final award the $26,697.59 in fees attributable to litigating the retaliation claim.

Lastly, the Court will not award fees for 13.3 hours spent researching and drafting a motion to dismiss Defendants' counterclaims that counsel ultimately never filed.  *See* ECF No. 116-11 at 34–37; *see also* ECF No. 116 at 2–3.  Substantial efforts expended for naught cannot be part of a reasonable fee.  *See Hensley*, 461 U.S. at 433 (instructing courts to deduct hours not "reasonably expended"); *see also Thompson*, 2002 WL 31777631, at *13 (advising courts to correct timekeeping deficiencies including an "excessive number of hours sought").  Thus, the Court reduces the award by $3,990.

A final word on the reasonableness of the fee generally.  Although the fee request is hefty even with the above deductions, it is also warranted when considering the nature of the litigation, made more protracted and outsized by Defendants' own misconduct.  It is also commensurate with the sizeable financial judgment that counsel has secured for the Plaintiffs.  *See McAfee*, 738 F.3d at 88.  The Court thus awards attorney's fees for this litigation of $210,682.41.

---

[1] The Court inadvertently omitted from its previous order that any remaining claims not resolved by Plaintiffs' motion for default judgment were dismissed without prejudice.  *See* ECF No. 113.  To correct this oversight, the Court will instruct the Clerk to dismiss without prejudice Count V of Plaintiffs' Amended Complaint, as well as Defendants' counterclaims.  *See* ECF Nos. 28 & 30.

### 2. Costs

The requested costs of $2,598.41 align with the needs of this case. *See* ECF No. 116 at 25; *see also* ECF No. 116-13. Although the "[p]ayment of costs to a prevailing plaintiff is mandatory under the FLSA . . . the amount of costs charged to defendants is committed to the court's discretion." *Lopez v. Lawns 'R' Us*, No. DKC-07–2979, 2008 WL 2227353, at *7 (D. Md. May 23, 2008) (citations omitted); *see also* 29 U.S.C. § 216(b); Md. Code Ann., Lab. & Empl. §§ 3–507.2(b) & 3–427(d)(1) (permitting reasonable cost shifting). The "costs that may be charged to losing defendants include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'" *Lopez*, 2008 WL 2227353, at *7 (quoting *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988)). The expenses here include necessary court fees, transcripts, photocopying, Westlaw research, postage, and reimbursement for two meals during mediation, all of which are reasonable. *See* ECF No. 116-13. Thus, the request for costs will be granted in its entirety.

The Court next turns to the requests associated with the bankruptcy matters.

### B. Bankruptcy Litigation

Plaintiffs request $15,457.50 in attorney's fees and $176.23 in costs associated with their participation in the Defendants' bankruptcy proceedings. *See* ECF No. 116 at 25; ECF No. 116-17; ECF No. 116-18. Plaintiffs' counsel maintains that compensation is justified because absent their involvement in the bankruptcy matters, "Defendants could have succeeded in declaring bankruptcy" without ever paying Plaintiffs their wages owed. ECF No. 116 at 8. The Court credits this rationale insofar as Plaintiffs sought to protect any future judgment awarded in this FLSA matter. *See* Fed. R. Bankr. Pro. 3002(a), 3003. Further, Plaintiffs have supplied persuasive authority that fees in closely related litigation that is necessary to assure success in the

FLSA action remain compensable under the applicable fee-shifting provisions. *See* ECF No. 116 at 8–9 (citing *Seibel v. Paolino*, 249 B.R. 384, 386–87 (E.D. Pa. 2000) (explaining plaintiffs are entitled to fees incurred in preparing fee applications; the prosecution of garnishment proceedings; and in the collection of a judgment through bankruptcy proceedings); *Pinshaw v. Monk*, 565 F. Supp. 44, 45–46 (D. Mass. 1983) (finding plaintiff entitled to attorney's fees for time spent opposing discharge of judgment in bankruptcy court); *In re Harris*, No. EMR-20-12839, 2020 WL 6930806, at *3 (Bankr. C.D. Cal. July 23, 2020) (awarding attorney's fees for the costs of obtaining dismissal of a bankruptcy petition)). Thus, the Court agrees that Plaintiffs are entitled to reasonable fees and costs associated with the bankruptcy matters. The Court next ascertains whether the requested amount fits that bill.

### 1. Attorney's Fees

Counsel employ the same presumptively reasonable hourly rates as used for work in this matter, and so the Court will adopt them unchanged. *Compare* Loc. R., App. B(3) *with* ECF No. 116-18; *see also* ECF Nos. 116-3; 116-4; 116-5; 116-6. But the Court must adjust downward certain hours billed to render the fee reasonable. *See Two Men*, 128 F. Supp. 3d at 925. In particular, the Court will not compensate Plaintiffs for their objection to fees and costs in the bankruptcy proceedings. *See* ECF No. 116-18 at 11–13; *see also In re Warm Hart*, No. TJC-18-14990, ECF No. 84. The objection not only failed, but expensively so. For a two-page pleading, Plaintiffs' counsel expended a total of 16.7 attorney hours, and now seeks $4,035, without any explanation as to how the requested fee fits the task. *See id.* Thus, the Court deducts this amount from the request and awards a total of $11,422.50 in fees related to the bankruptcy matters. *See McAfee*, 738 F.3d at 88.

### 2. Costs

Finally, counsel seek reimbursement for $176.23, including for transportation to and from creditor meetings at this courthouse, photocopying, and online legal research. *See* ECF No. 116-17; ECF No. 116-19. The Court finds these expenses reasonable and grants them. *See* Loc. R. App. B.

### III. Conclusion

For the foregoing reasons, Plaintiffs' motion seeking attorney's fees and costs is GRANTED. ECF No. 116. The Court will award Plaintiffs $222,104.91 in attorney's fees and $2,774.64 in costs, for a total of $224,879.55. A separate Order follows.

| | |
|---|---|
| 9/23/2021 | /s/ |
| Date | Paula Xinis |
| | United States District Judge |