**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

BOCANGEL ET AL.,

     Appellant,                     *

  v.                            *         Civil Action No. 8:16-cv-3989-PX

WARM HEART FAMILY ASSISTANCE    *
LIVING, INC. ET AL.

                                    *

     Appellees.                *

                                   ***

## <u>MEMORANDUM ORDER</u>

Pending before the Court is Plaintiffs' amended motion for charging order against Defendant Constance Robinson's corporate interests in Warm Heart Family Assistance Living, Inc. ("Warm Heart"). ECF No. 129. On January 12, 2021, this Court entered judgment against Robinson and Warm Heart in the amount of $685,726.50 for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ECF No. 113. On September 23, 2021, the Court entered judgment against Defendants for attorney's fees of $222,104.91 and costs of $2,774.64. ECF No. 122. Plaintiffs now ask that a charging order be entered against Warm Heart for the amount of the judgment plus post-judgment interest at a rate of 10% per annum, computed from January 13, 2021, through February 1, 2022. ECF No. 129. Defendants have not responded to the motion.

Federal Rule of Civil Procedure 69(a)(1) governs enforcement of a money judgment. The Rule provides that the procedure for enforcing a money judgment "on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Thus, absent an explicit federal statutory provision governing enforcement of the judgment, state law applies. *See, e.g.*, *Hatfield v. A+ Nursetemps, Inc.*, 651

F. App'x 901, 903-04 (11th Cir. 2016) ("The FLSA does not provide [execution] procedures. Therefore, Florida procedural law applies for execution of the judgment."); *cf. United States v. Gianelli*, 543 F.3d 1178, 1182 (9th Cir. 2008) (applying enforcement procedure mandated by the Federal Debt Collection Procedures Act); *FTC v. Namer*, 481 F. App'x 958, 959-60 (5th Cir. 2012) (same).

Because this Court has previously entered judgment against Defendants under the FLSA, and the FLSA does not mandate a procedure for execution of the judgment, the Court looks to Maryland law.  Maryland Rule 2-649 governs the procedure for enforcing a monetary judgment provides:

> Upon the written request of a judgment creditor of a partner or member holding an economic interest in a limited liability company, the court where the judgment was entered or recorded may issue an order charging the partnership interest or limited liability company interest of the judgment debtor with payment of all amounts due on the judgment. The court may order such other relief as it deems necessary and appropriate, including the appointment of a receiver for the judgment debtor's share of the partnership or limited liability company profits and any other money that is or becomes due to the judgment debtor by reason of the partnership or limited liability company interest.

Md. Rule 2-649(a).

Plaintiffs ask the Court to enforce the judgment against Constance Robinson's corporate interests in Warm Heart as to both the January 12 and September 23 judgments plus post-judgment interest.  ECF No. 129 at 1.  Pursuant to Federal Rule of Civil Procedure 69(a) and Maryland Rule 2-649(a), the Court will grant the motion for a charging order.[1]  Additionally, 28 U.S.C. § 1961 provides post-judgment interest at a rate set by the statute.  *E.g.*, *Vanegas v. Diaz Granados, Inc*., 2017 WL 345855, at *6 (D. Md. Jan. 24, 2017); *see, e.g.*, *Hitachi Credit Am.*

---

[1] Plaintiff filed both a motion for charging order and amended request for charging order.  Because the Court grants the amended request for charging order (ECF No. 29), the motion for charging order (ECF No. 27) is denied as moot.

*Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999).[2]  The Court will award post-judgment interest pursuant to the statute, not for amount requested by Plaintiffs.

Accordingly, it is this 14th day of April 2022, hereby ORDERED that:

1. Plaintiffs' Amended Request for Charging Order (ECF No. 129) is GRANTED in part;

2. Plaintiffs' Motion for Charging Order (ECF No. 127) is DENIED AS MOOT;

3. The interest of Defendant Constance Robinson, in the professional corporation Warm Heart Family Assistance Living, Inc. be charged with the payment of the Judgment entered on January 12, 2021, and September 23, 2021, in the principal amount of $685,726.50; attorneys' fees of $22,104.91, court costs of $2,774.64; plus post-judgment interest calculated according to the formula set forth in 28 U.S.C. § 1961; and

4. Warm Heart Family Assistance Living, Inc., shall pay to Plaintiffs any distributions that are payable to Defendant Constance Robinson until the Judgment is paid in full.


  4/14/2022                                                      /s/
Date                                                         Paula Xinis
                                                            United States District Judge

---

[2] 28 U.S.C. § 1961(a) provides that post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court" and "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment."